**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SHIJIE LIU,
a/k/a Liu Shijie,

Petitioner,

v.

Case No. 1:26-cv-03516-MIS-KRS

WARDEN, in his capacity as Warden of Cibola County Correctional Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Shijie Liu's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 19, 2026. On November 3, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

This is Petitioner's second petition for a writ of habeas corpus. Case No. 1:26-cv-00145-KG-GJF ("Liu I"). Petitioner is a citizen of China, who entered the United States on April 28, 2023. Liu I, Magistrate Judge's Proposed Findings and Recommended Disposition, ECF No. 20 at 4. He left China, fleeing religious persecution. Id. Petitioner spent a few days in immigration custody but was released on May 1, 2023, under INA § 236(a) on an Order of Supervision. Id. at 4-5. He then timely filed a petition for political asylum and was scheduled for a hearing on January 9, 2026. Id. at 5. Between May 1, 2023, and December 4, 2025, Petitioner became active in a local church, maintained stable housing, sought employment authorization, and committed no crimes. Id. Petitioner also attended all his scheduled U.S. Immigration and Customs Enforcement ("ICE") check-ins. Id. However, on December 4, 2025, ICE detained him when he arrived for a check-in. Id. He has been detained ever since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. at 1.

In Petitioner's first petition, Petitioner raised several claims, among them, that his detention violated his Fifth Amendment due process rights. Respondents argued, prior to the Tenth Circuit's decision in Santillan Quiroz v. Mullin, 180 F. 4th 1226 (10th Cir. 2026), that Petitioner's detention arose under 8 U.S.C. § 1225(b) and therefore he was not entitled to a bond hearing. Liu I, ECF No. 20 at 6-8. The Court disagreed and ordered Respondents to provide Petitioner a bond hearing. Liu I, ECF 20 at 11-32; ECF 21 ("Memorandum Opinion and Order") at 6-7. Respondents provided Petitioner a bond hearing, where an Immigration Judge determined he was a flight risk, which Petitioner then unsuccessfully challenged in an Emergency Motion to Enforce Court's Order. Liu I, ECF Nos. 23, 27. In addition, on May 8, 2026, during the pendency of Liu I, an Immigration Judge issued an order of removal. Pet. at 4. Petitioner's timely appeal of the removal order remains

pending. Id. at 5; Executive Office for Immigration Review ("EOIR") Automated Case Information.

Petitioner filed the instant Petition on October 19, 2026, arguing that his detention, now at 11 months, violates his Fifth Amendment due process rights in that there is no significant likelihood of removal in the foreseeable future. Id. at 6. He seeks immediate release. Id. at 7.

On October 20, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) or Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Respondents argue that Zadvydas v. Davis, 533 U.S. 678 (20001), which suggested that indefinite, prolonged detention pursuant to 8 U.S.C. § 1231 after a removal order becomes administratively final can violate a noncitizen's Fifth Amendment due process rights, does not apply because Petitioner's removal order is not final. Resp. at 2-4 (citing inter alia Mwangi v. Terry, 465 F. App'x 784 (10th Cir. 2012) and Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004)). Respondents also argue that, even if an indefinite, prolonged detention pursuant to 8 U.S.C. § 1226(a) can violate a noncitizen's Fifth Amendment due process rights, Petitioner has not met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Resp. at 4.

Initially, the Court disagrees with Respondents' contention that indefinite, prolonged detention pursuant to § 1226(a) can never violate a noncitizen's Fifth Amendment due process rights. Rather, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of eleven months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW,

2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

To the extent Respondents suggest that the Tenth Circuit, in Mwangi and Soberanes, explicitly limited Zadvydas's holding to noncitizens detained pursuant to 8 U.S.C. § 1231 and foreclosed the possibility that a prolonged detention under § 1226(a) could violate a noncitizen's due process rights, the Court disagrees. In Soberanes, for example, the Tenth Circuit recognized that a decision regarding the petitioner's appeal of a removal order to the Ninth Circuit was "impending." Soberanes, 388 F.3d at 1311. The Tenth Circuit then expressly stated that "we have no occasion to express any opinion on whether subsequent delay in that court might warrant remedial action under Zadvydas" and affirmed the denial of the petition without prejudice, recognizing that "circumstances may ultimately change." Id. In other words, the Tenth Circuit implicitly recognized that the indefinite, prolonged detention of a noncitizen under § 1226(a) could provide the basis for a Fifth Amendment due process claim under the principles set forth in Zadvydas, contrary to Respondents' argument; instead, it held only that the petitioner's prolonged detention was not indefinite under the particular facts before the court, which are distinguishable from those here. Id.

In this case, unlike Soberanes, there is no impending decision on Petitioner's appeal of his removal order to the Board of Immigration Appeals ("BIA"). Indeed, as this Court has observed, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, Case No. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026).

Indeed, were the Court to adopt Respondents' position, they could detain a petitioner for life simply by refusing to act on a Petitioner's appeal of a removal order. That cannot be the law, and the Court rejects this argument.

Respondents argue that Petitioner has not met the burden to show "good reason" that there is not a significant likelihood of removal in the reasonably foreseeable future. Again, the Court disagrees. Petitioner alleges that he was detained on December 4, 2025, and the Court observes that the gears of the removal proceedings moved slowly in that a removal order was not entered until May 8, 2026, five months later, nearly consuming the entire presumptively reasonable period of detention set forth by set forth by Zadvydas itself. Pet. at 4. More, Petitioner asserts that six

months later—thus nearly doubling presumptively reasonable period of detention set forth by set forth by Zadvydas—the appeal before the BIA remains pending. Pet. at 5. Indeed, EOIR's Automated Case Information shows that briefing on the appeal was only recently completed (and that the United States Department of Homeland Security declined to file a response to the appeal). EOIR Automated Case Information.

The Court finds these facts establish good faith reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The Respondents make no argument otherwise. See generally ECF No. 6. What is more, as noted previously, Respondents are entirely in control of this process, and as stated previously, the Court declines Respondents' invitation to give them leave to use that control to detain noncitizens indefinitely, particularly without any showing or evidence that removal proceedings, including the BIA appeal process, proceeds in a timely and orderly fashion. Should Respondents be concerned that noncitizens potentially subject to removal cannot be detained during the entirety of those proceedings, that is a concern entirely of Respondents' own making and entirely within their ability to address. Thus, the Court concludes for all the reasons set forth herein that Respondents prolonged, indefinite detention of Petitioner, now at eleven months, violates his Fifth Amendment due process rights.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally ECF No. 6. Therefore, the Court finds that immediate conditional release is the appropriate remedy. The Court

further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime or absconded in her administrative immigration proceedings, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Shijie Liu from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE